UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br>     Plaintiff,<br><br>v.<br><br>SHAWN NELEBER,<br>     Defendant. | No. 3:14CV00629 (DJS) |

MEMORANDUM OF DECISION AND ORDER

This is an action seeking declaratory judgment in connection with liability insurance coverage. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The plaintiff, Allstate Insurance Company ("Allstate"), seeks a declaration that it is under no duty to defend or indemnify its insured, the pro se defendant, Shawn Neleber ("Neleber"), in connection with a civil action pending in state court arising out of an incident involving Neleber and one Michael J. Astram, Jr. ("Astram"). Allstate claims that this incident was not an "occurrence" covered by the insurance policy in question, and, alternatively, that the incident falls within the "intentional or criminal acts" exclusion in the policy.

Allstate has moved for summary judgment, pursuant to Federal Rules of Civil Procedure 56, arguing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Neleber has not filed any opposition to Allstate's motion.

For the reasons set forth below, the Court concludes that the facts alleged in the underlying complaint ("the Astram Complaint") might constitute an "occurrence" as defined

under the terms of the policy. Furthermore, Allstate has not demonstrated that the policy's

"intentional or criminal acts" exclusion applies in this case. Consequently, Allstate's motion for

summary judgment (doc. #15) is denied. Also, because the undisputed facts in this case establish

that Allstate has a duty to defend its insured Neleber in the underlying civil action pending in

state court, summary judgment is granted in favor of the defendant Neleber as to Allstate's claim

that it has no duty to provide a legal defense to Neleber in that civil action. *See Martinson v.*

*Massachusetts Bay Insurance Co.*, 947 F. Supp. 124, 127 (S.D.N.Y. 1996) ("Although defendant

has not cross-moved for summary judgment, this Court nevertheless has the power to grant

summary judgment in defendant's favor sua sponte.").

FACTS[1]

Neleber was an insured person[2] under Allstate Homeowners Policy # 0 19 889501 04/27

("the policy") issued to Colleen and David Neleber as named insureds. The policy includes the

following provision: "Subject to the terms, conditions and limitations of this policy, Allstate will

pay damages which an insured person becomes legally obligated to pay because of bodily injury

or property damage arising from an occurrence to which this policy applies, and is covered by

this part of the policy." (Doc. #15-3, at 39).

---

[1]On April 16, 2015, the Court gave notice to the defendant Neleber that he had failed to file an opposition to the plaintiff's motion for summary judgment as required by the Local Rules of Civil Procedure and provided him with an additional opportunity to file an opposition. Despite this notice, Neleber did not file an opposition to the plaintiff's motion.

[2]The policy defines the term "Insured person(s)" as "you and, if a resident of your household: a) any relative; and b) any dependent person in your care." (Doc. # 15-3, at 20).

Further, the policy defines the term "occurrence" as "an accident . . . resulting in bodily injury or property damage." (*Id.* at 21). Finally, the policy excludes from coverage:

> [B]odily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an insured person. This exclusion applies even if: a) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or b) such bodily injury or property damage is sustained by a different person than intended or reasonably expected. This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime.

(*Id.* at 39). The policy was in effect from April 27, 2013, until April 27, 2014.

The Astram Complaint, which was dated December 26, 2013, and filed in the Connecticut Superior Court for the Judicial District of New Haven, names Neleber as a defendant. The Astram Complaint alleges the following facts:  On or about June 9, 2013, Astram and Neleber were both guests at the home of George and Susan Kulp in North Haven, Connecticut. On that occasion Neleber struck Astram about the face and head causing Astram injuries and damages including, but not limited to, a fractured jaw, broken and missing teeth, difficulty eating and sleeping, and psychological pain and suffering. The Astram Complaint further alleges that as a result of Neleber's actions Astram has been forced to incur the cost and expense of various types of medical care and treatment and may be forced to incur additional expenses for  medical care and treatment in the future.

The Astram Complaint sets forth two causes of action against Neleber. Count One alleges that "the Defendant, Shawn Neleber, did commit an Assault & Battery upon the Plaintiff, Michael J. Astram, Jr., by striking him about the head and face causing injuries and damages. . .

-3-

." (Doc. #15-4, at 2, ¶ 6). Count Two raises a claim of negligence and includes the following

additional allegations:

> [Astram] suffered injuries and damages as a direct and
> proximate result of the negligence of the Defendant,
> Neleber, in one or more of the following ways: (a) In
> that he negligently struck [Astram]; (b) In that he swung
> his arms when he was inattentive to the presence of
> individuals around him; (c) In that he failed to control
> his physical movements to avoid striking and injuring
> others; and (d) In that he behaved in an unreasonable,
> aggressive and threatening manner.

(Doc. #15-4, at 4, ¶ 7).

## JURISDICTION

The basis for the Court's subject matter jurisdiction is Section 1332 of Title 28 of the

United States Code. The plaintiff and defendant are citizens of different states and the matter in

controversy exceeds $75,000.00. Personal jurisdiction is not contested. The policy specifies that

"the laws of Connecticut shall govern any and all claims or disputes in any way related to this

policy." (Doc. #15-3, at 49).

## STANDARD

A motion for summary judgment shall be granted "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56 (a). Summary judgment is appropriate if, after discovery, the nonmoving party

"has failed to make a sufficient showing on an essential element of [his] case with respect to

which [he] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The

burden is on the moving party to demonstrate the absence of any material factual issue genuinely

in dispute." *American International Group, Inc. v. London American International Corp.*, 664

F.2d 348, 351 (2d Cir. 1981) (internal quotation marks omitted).

A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact

is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Id.* The Court must view all inferences and ambiguities in a light most favorable to the

nonmoving party. See *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). "Only when

reasonable minds could not differ as to the import of the evidence is summary judgment proper."

*Id.*

DISCUSSION

The standard of review with respect to insurance contracts is well settled in Connecticut:

> It is the function of the Court to construe the provisions
> of the contract of insurance. The interpretation of an
> insurance policy, like the interpretation of other written
> contracts, involves a determination of the intent of the
> parties as expressed by the language of the policy. The
> determinative question is the intent of the parties, that is,
> what coverage the . . . [insured] expected to receive and
> what the [insurer] was to provide, as disclosed by the
> provisions of the policy . . . . It is axiomatic that a
> contract of insurance must be viewed in its entirety,
> and the intent of the parties for entering it derived from
> the four corners of the policy . . . . The policy words must
> be accorded their natural and ordinary meaning . . . [and]
> any ambiguity in the terms of an insurance policy must be
> construed in favor of the insured because the insurance
> company drafted the policy.

*Springdale Donuts, Inc. v. Aetna Casualty & Surety Co. of Illinois,* 247 Conn. 801, 805-806

 (1999) (internal quotation marks and citations omitted).

-5-

In determining whether a claim falls within the scope of an insurance policy, the Supreme Court of Connecticut "construes broad policy language in favor of imposing a duty to defend on the insurer." *Hartford Casualty Insurance Co. v. Lichfield Mutual Fire Insurance Co.*, 274 Conn. 457, 466 (2005). "The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage." *Moore v. Continental Casualty Co.*, 252 Conn. 405, 409 (2000) (internal quotation marks omitted). "[I]f an allegation of the complaint falls even *possibly* within the coverage, then the insurance company must defend the insured." *DaCruz v. State Farm Fire and Casualty Co.*, 268 Conn. 675, 688 (2004) (internal quotation marks omitted).  "[T]the duty to indemnify is narrower" than the duty to defend, however,  and "arises only if the evidence adduced at trial establishes that the conduct actually was covered by the policy." *Id.*

## 1.  An "Occurrence" Under the Policy

Allstate acknowledges that Neleber was insured under the policy, and that Allstate is currently providing Neleber a legal defense as to the Astram Complaint under a full reservation of rights and defenses under the policy. Nevertheless, Allstate contends that it owes no duty to defend or indemnify Neleber because the incident involving Neleber and Astram did not constitute an "occurrence" under the policy. Specifically, Allstate argues that  "[t]he allegations in the Astram Complaint clearly and decisively indicate affirmative acts by the insured involving intent, expectations, and foreseeable outcomes" and that Astram  "has alleged no facts that could possibly establish that his injuries were caused by an occurrence."   (Doc. #15-2, at 13, 14).

As previously noted, the policy defines the term "occurrence" as "an accident . . .

resulting in bodily injury or property damage." (Doc. #15-3, at 21). In the context of an insurance

policy, the Connecticut Supreme Court has held that  "the term 'accident' is to be construed in its

ordinary meaning of an unexpected happening. . . ." *Capstone Building Corp. v. American*

*Motorists Insurance Co.*, 308 Conn. 760, 774 (2013) (internal quotation marks omitted). An

"accident" is "a sudden event or change occurring without intent or volition through carelessness,

unawareness, ignorance, or a combination of causes and producing an unfortunate result."

*Providence Washington Insurance Group v. Albarello*, 784 F. Supp. 950, 953 (D. Conn. 1992)

(internal quotation marks omitted). It is well established that "intentional conduct and negligent

conduct, although differing only by a matter of degree[,] are separate and mutually exclusive."

*American National Fire Insurance Co. v. Schuss*, 221 Conn. 768, 775 (1992) (citation omitted).

Thus, the same conduct cannot "reasonably be determined to have been both intentionally and

negligently tortious." *Id.* at 777.

Allstate argues that Count One of the Astram Complaint alleges that Neleber "assaulted

and battered the underlying plaintiff, Michael J. Astram, Jr. by striking him about the head and

face. Therefore, . . . these allegations do not constitute a covered 'occurrence' within the meaning

contained in the Homeowners Policy." (Doc. #15-2, at 12). In making this argument, Allstate

cites to decisions of other courts which distinguish between factual allegations of intentional

assault and factual allegations of negligence. Count One of the Astram Complaint does allege

that Neleber "did commit an Assault & Battery upon the Plaintiff, Michael J. Astram, Jr., by

striking him about the head and face causing injuries and damages." (Doc. #15-4, at 2, ¶ 6).

There are no accompanying factual allegations to support that statement, however,  nor are there

any facts alleged in Count One of the Astram Complaint that convey even slightly whether the

action was intentional or accidental. In this regard, the Court notes that in Connecticut, "an

actionable assault and battery may be one committed wilfully or voluntarily, and therefore

intentionally; one done under circumstances showing a reckless disregard of consequences; or

one committed negligently." *Markey v. Santangelo*, 195 Conn. 76, 78 (1985) (internal quotation

marks omitted).

"The scarcity of factual allegations . . . is crucial in the present context because Allstate's

duty to defend is measured by the allegations of the complaint." *Allstate Insurance Co. v.

Korytkowski*, No. CV044001464S, 2006 Conn. Super. LEXIS 1468, at *4 (Conn. Super. Ct. May

9, 2006) (internal quotation marks omitted). "A plaintiff's characterization of the underlying

claims against the insured is not dispositive. Instead, a duty to defend is determined by the facts

in the underlying complaint, not the titles assigned to various counts." *Allstate Insurance Co. v.

Wilson*, 18 F. Supp. 3d 156, 161 (D. Conn. 2014) (internal quotation marks and citation omitted).

Count Two of the Astram Complaint, which is assigned the title "Negligence," includes

the following allegations that are not included in Count One of that complaint:

> The Plaintiff suffered injuries and damages as a direct and
> proximate result of the negligence of the Defendant, Neleber,
> in one or more of the following ways: (a) In that he negligently
> struck the Plaintiff; (b) In that he swung his arms when he was
> inattentive to the presence of individuals around him; (c) In that
> he failed to control his physical movements to avoid striking
> and injuring others; and (d) In that he behaved in an unreasonable,
> aggressive and threatening manner.

(Doc. # 15-4, at 4, ¶ 7). Allstate argues that since the conduct described in Count One of the

Astram Complaint is intentional, there is no way to recast that same behavior as negligence, or an

accident. Specifically, Allstate argues that "[s]imply relabeling intentional conduct as negligence,

-8-

when it is all based upon a core set of facts that clearly implicates intentional acts is insufficient to trigger insurance coverage." (Doc. 15-2, at 12).

Allstate's argument rests on the assumption that Count One, "Assault & Battery," contains factual allegations of intentional behavior. As noted earlier, however, Count One simply alleges that Neleber "did commit an Assault & Battery upon the Plaintiff, Michael J. Astram, Jr., by striking him about the head and face. . . ." (Doc. # 15-4, at 2, ¶ 6). There are insufficient factual allegations in Count One of the Astram Complaint to "clearly implicate[] intentional acts" as contended by Allstate. (Doc. 15-2, at 12).

An insurer's obligation to defend depends "on whether [the plaintiff in the underlying action] has, in his complaint, stated facts that bring the injury within the coverage. . . . If an allegation of the complaint falls even possibly within the coverage, then the insurer must defend the insured." *R.T. Vanderbilt Co., Inc. v. Continental Casualty Co.*, 273 Conn. 448, 470 (2005) (internal quotation marks and alterations omitted). Count Two of the Astram Complaint alleges facts that could possibly fall within the coverage of the policy: "[Neleber] swung his arms when he was inattentive to the presence of individuals around him . . . [and] he failed to control his physical movements to avoid striking and injuring others." (Doc. # 15-4, at 4, ¶ 7). These factual allegations could fall within the accepted definition of the term "accident," i.e., "a sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate result," *Albarello*, 784 F. Supp. at 953, and thereby constitute an "occurrence" under the policy.

-9-

2. The "Intentional Or Criminal Acts" Exclusion

In addition to arguing that the incident involving Neleber and Astram was not an "occurrence" covered by the policy, Allstate also contends that the incident falls within the "Intentional or Criminal Acts" exclusion in the policy. Specifically, Allstate argues that "[r]egardless of whether Shawn Neleber was ever arrested or convicted for the allegations set forth in the *Astram* Complaint (which he was[3]), the fact that the *Astram* Complaint alleges conduct that could lead to the arrest of Shawn Neleber would trigger the intentional or criminal acts exclusion contained in the policy." (Doc. #15-2, at 16). The policy explicitly excludes from coverage:

> any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an insured person. This exclusion applies even if: a) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or b) such bodily injury or property damage is sustained by a different person than intended or reasonably expected. This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime

(Doc. # 15-3, at 39).

---

[3]Attached as Exhibit S to Allstate's Memorandum of Law in Support of Its Motion for Summary Judgment is a document entitled "Pending Case Detail" relating to criminal charges pending in the Connecticut Superior Court against Shawn Neleber. In this regard, the Court notes that "it is the [underlying] claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from any one else, which indicates, or even demonstrates, that the injury is not in fact covered." *Hartford Casualty Insurance Co. v. Litchfield Mutual Fire Insurance Co.*, 274 Conn. 457, 464 (2005). Recognizing this limitation, Allstate indicates that "[s]ince a coverage determination is made based upon the allegations contained in the complaint, however, Allstate simply argues that the allegations, as pled, *could* give rise to an arrest." (Doc. # 15-2, at 14 n.2).

-10-

"The burden of proving that an exclusion applies is on the insurer . . . ." *Capstone Building Corp. v. American Motorists Insurance Co.*, 308 Conn. 760, 788 n.24 (2013).  Allstate attempts to satisfy this burden by arguing that the allegations set forth in the Astram Complaint identify acts by Neleber that satisfy the elements of one or more of the following Connecticut criminal statutes: assault in the third degree (Conn. Gen. Stat. § 53a-61); breach of the peace in the second degree (Conn. Gen. Stat. § 53a-181); creating a public disturbance (Conn. Gen. Stat. § 53a-181a); or disorderly conduct (Conn. Gen. Stat. § 53a-182).

A necessary element of each of the criminal statutes identified by Allstate is a specified intent or recklessness: "intent to cause physical injury to another person [or] . . . recklessly caus[ing] serious physical injury to another person" (Conn. Gen. Stat. § 53a-61 - assault in the third degree); "with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [a] person: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or (2) assaults or strikes another" (Conn. Gen. Stat. § 53a-181 - breach of the peace in the second degree); "with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [a person] (1) engages in fighting or in violent, tumultuous or threatening behavior; or (2) annoys or interferes with another person by offensive conduct" (Conn. Gen. Stat. § 53a-181a - creating a public disturbance); "with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [a] person: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person" (Conn. Gen. Stat. § 53a-182 - disorderly conduct). With regard to intent, the Court has already concluded that there are insufficient factual

allegations in the Astram Complaint to "clearly implicate[] intentional acts" taken by Neleber.

(Doc. # 15-2, at 12).

The Connecticut Penal Code provides that:

> A person acts "recklessly" with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation[.]

Conn. Gen. Stat. § 53a-3(13). "Thus, the fact finder has to consider objectively the nature and degree of the risk and the defendant's subjective awareness of that risk." *State v. Chimenti*, 115 Conn. App. 207, 220 (2009) (internal quotation marks and alterations omitted). In general, "[r]ecklessness is a state of consciousness with reference to the consequences of one's acts . . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than an failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them . . . ." *Craig v. Driscoll*, 262 Conn. 312, 342 (2003).

Aside from conclusory statements, e.g., that Neleber "did commit an Assault & Battery upon . . . Astram . . .  by striking him about the head and face" or vague allegations, e.g., that Neleber "behaved in an unreasonable, aggressive and threatening manner," the Astram Complaint alleges only the following facts as to the actions of Neleber:  "he swung his arms when he was inattentive to the presence of individuals around him" and  "he failed to control his

-12-

physical movements to avoid striking and injuring others." (Doc. # 15-4, at 2, ¶ 6, and 4,¶ 7). The meager factual allegations contained in the Astram Complaint are not sufficient to demonstrate the applicability of the policy's intentional or criminal acts exclusion. It is, of course, entirely possible that the paucity of factual allegations in the Astram Complaint is by design, and that Neleber's actions were indeed intentional. In deciding whether to grant Allstate's motion, however, the Court is limited to a review of the policy and the factual allegations contained in the Astram Complaint.

The Court concludes that the factual allegations contained in the Astram Complaint might possibly fall within the coverage of the policy. The Court further concludes that those allegations do not provide an adequate basis to demonstrate that the policy's intentional or criminal acts exclusion applies in this case.  For those reasons, Allstate's motion for summary judgment must be denied.

CONCLUSION

For the reasons stated above, the plaintiff Allstate's motion for summary judgment (**doc. # 15**) is **DENIED**. Additionally, because the undisputed material facts in this case, i.e., the terms of the policy and the allegations in the Astram Complaint, establish that Allstate has a duty to defend Neleber in the state court civil action brought against Neleber by Astram, summary judgment is granted in favor of the defendant Neleber as to Allstate's claim that it has no duty to provide a legal defense to Neleber in that civil action. The issue of Allstate's duty to indemnify

Neleber will be resolved on the basis of determinations to be made in the pending state court action and  cannot be determined at this time.

SO ORDERED this 15th     day of September,  2015.

_____ /s/ DJS_____
Dominic J. Squatrito
United States District Judge